53 259
130 632

## Greer *versus* Shriver and Dilworth.

The plaintiff signed an agreement to take 50 per cent. of his claim "on condition that all the creditors sign." He received the 50 per cent. and gave up his notes; all the creditors did not sign and some were paid in full. *Held*, that he might recover the balance of his claim from his debtor.

ERROR to the District Court of *Allegheny county*.

This was an action of assumpsit, commenced April 2d 1864, by Samuel P. Shriver and John S. Dilworth, partners as Shriver & Dilworth, against Wesley Greer, in which the following case was stated:—

"On the 3d and 11th of December 1860 and 15th of January

1861, respectively, the defendant purchased certain merchandise from plaintiffs, amounting in all to the sum of $1436.36. As additional security for the payment of these goods, the defendant gave three promissory notes to the plaintiffs, falling due, respectively, March 18th 1861, April 7th 1861 and April 13th 1861, none of which were paid, but remained till after maturity in plaintiffs' hands.

In the spring of 1861, the defendant professing to be unable to pay his debts, attempted to get his creditors to sign an article, agreeing to take 50 per cent. of their respective claims, to be in full. The plaintiffs signed the article with the proviso attached, that all of defendant's creditors should likewise sign. In point of fact all the creditors did not sign the article ; several of them refused to do so, and were paid in full.

On the 29th of April 1861, defendant paid plaintiffs $720, which was just one-half of their claim, and at the same time the plaintiffs delivered to defendant the promissory notes above referred to.

This suit was subsequently brought to recover the remaining half of plaintiffs' claim, on the ground that the proviso under which they had signed the article had not been complied with by defendant, and was therefore not binding upon them. The declaration was on the common counts, and also on the promissory notes, copies of book entries being filed under the rule of court. The defendant pleaded non assumpsit, payment and set-off. If upon the foregoing facts the court is of opinion that the plaintiffs are entitled to recover, judgment is to be entered for the plaintiffs for the sum of $720, with interest from the 29th of April 1861, and costs. But if otherwise, then judgment to be in favor of defendant.

And it is also agreed that if the court be of opinion that the facts above set forth are insufficient to warrant an opinion in law, upon the question, whether the delivery to defendant by plaintiffs of the promissory notes was a waiver of the proviso to the article, and that such question should be submitted to the jury as a question of fact, then this case stated is to be annulled and the case ordered for trial."

The court entered judgment for the plaintiffs for $720, and interest according to the case stated ; this was the error assigned.

*T. M. Marshall*, for plaintiff in error.

*H. Burgwin*, for the defendants in error.

The opinion of the court was delivered, January 7th 1867, by
READ, J.—The plaintiff agreed to take 50 per cent. of the debt due to him by the defendant, if all the other creditors would do

[Greer *v.* Shriver.]

the same, and signed an article to that effect, which was stipulated to be signed by all the other creditors of the defendant. In point of fact all the creditors did not sign the article; and several refused to do so, and were paid in full. The plaintiff was paid the 50 per cent.; but, as the conditions of compromise were not complied with, commenced this suit for the balance of the debt. The right to recover is so clear that it is hardly necessary to refer to Durgin *v.* Ireland, 4 Kernan (14 N. Y.) 325, where Denio, C. J., says: "The condition upon which the payment of 50 per cent. of the amount of the note was to operate as a satisfaction of the whole sum, was not performed. The payment was by the agreement to be full satisfaction, provided all the other creditors agreed to a similar composition, but not otherwise." The effect of the payment which was made upon the note in question, was simply to satisfy the demand *pro tanto*. The residue was still owing, and an action on the original contract was the proper remedy for recovery.

Judgment affirmed.